Sandy **DICKERSON**, et al., Appellants,

v.

Clarence **BROOKS**, et al., Appellees.

No. 01–86–0582–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 26, 1987.

Rehearing Denied March 26, 1987.

James C. Mulder, Houston, for appellants.

John S. Brukner, Houston, for appellees.

Before WARREN, HOYT and DUNN, JJ.

## OPINION

WARREN, Justice.

This is an appeal from an order holding that two savings certificates, numbers 13–1705508 and 13–159993–5, were valid joint tenancies with rights of survivorship in the appellees and that a promissory note, in the original amount of $194,850.00, payable to the decedent and appellees, belonged to the appellees and were not part of the decedent's estate.

Cecelia J. Brooks died on December 31, 1984, leaving no valid will. The appellants, who are the three children of the decedent's deceased son, Harvey L. Brooks, Sr., filed an application for administration to determine ownership of the savings certificates and the promissory note. The appel-

lees are the decedent's two surviving sons, Clarence Brooks and Stanley Brooks.

In their first point of error, the appellants argue that the court erred in holding that the proceeds of two Liberty Savings Association accounts passed to the appellees because neither the signature card nor the two saving certificates met the requirements of Tex.Prob.Code Ann. sec. 439(a) (Vernon 1980) and created a valid survivorship contract. The appellants further argue that failure to expressly state on the savings certificates that the account was a joint tenancy with rights of survivorship and failure of the decedent to sign the certificates evidences that there was no survivorship agreement between the parties.

Tex.Prob.Code Ann. sec. 439(a) (Vernon 1982) provides, in pertinent part:

Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties against the estate of the decedent if, by a written agreement signed by the party who dies, the interest of such deceased party is made to survive to the surviving party or parties. A survivorship agreement will not be inferred from the mere fact that the account is a joint account.

In order for an account to comply with the requirements of section 439(a), there must be a written agreement signed by the decedent, and the agreement must provide that upon the death of any party, the interest of the deceased survives to the other party. *Chopin v. Interfirst Bank Dallas, N.A.*, 694 S.W.2d 79, 83 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). Language to the effect that "the account is held as joint tenants with rights of survivorship" is sufficient to create a valid survivorship agreement. *Id.* at 84.

In the instant case, we have an unambiguous writing that clearly establishes a joint account with rights of survivorship. The accounts were issued in the name of Cecelia J. Brooks, Clarence J. Brooks, and Stanley M. Brooks and were properly executed by the three parties. The top of the signature card and application reads "Sav-

ings Account, Joint (with Right of Survivorship)" and expressly provides that "[t]he certificate evidencing membership is to be issued in the joint names of the undersigned as joint tenants with rights of survivorship and not as tenants in common, and the account represented thereby is to be so considered and treated."

The fact that the bank failed to specifically note on the certificates that the accounts were joint accounts with rights of survivorship is irrelevant in the face of the language on the signature card. The failure of the decedent to sign the certificates is also irrelevant because the requirements of section 439(a) were met by the execution of the signature card. *Cf. Chopin,* 694 S.W.2d at 84 (where decedent did not sign either certificate or account card, thus there was no "written agreement signed by the party who dies").

The appellants' first point of error is overruled.

In their second point of error, the appellants assert that the court erred in finding that a promissory note constituted a valid non-testamentary transfer of the remaining principal and interest on the note to appellees in accordance with Tex.Prob.Code Ann. sec. 450(a) (Vernon 1980). The note, in the original principal amount of $194,850.00, was issued by Charles Swearer III, Trustee, and was payable to "Cecelia J. Brooks, a widow, (but in the event of Cecelia J. Brooks' death to her heirs Stanley M. Brooks and Charles E. Brooks)."

Tex.Prob.Code Ann. sec. 450(a) provides, in pertinent part:

Any of the following provisions in an insurance policy, contract of employment, bond, mortgage, promissory note, deposit agreement, pension plan, trust agreement, conveyance of real or personal property, or any other written instrument effective as a contract, gift, conveyance, or trust is deemed to be nontestamentary, and this code does not invalidate the instrument or any provision: (1) that money or other benefits theretofore due to controlled, or owned by a decedent shall be paid after his death to a person designated by the decedent in either the instrument or a separate writing, including a will, executed at the same time as the instrument or subsequently....

The appellants argue that since the note is not signed by the decedent, there is no showing of a testamentary intent to transfer the note payments to the appellees. They also contend that the note in question is a gift, rather than a contract, and since there was no delivery, there was no effective transfer of the monies to the appellees.

Both of these assertions are without merit. Section 450 is almost identical to section 6–201 of the Uniform Probate Code (1969). the comment to section 6–201 notes that "[b]ecause the types of provisions described in the statute are characterized as non-testamentary, the instrument does not have to be executed in compliance with section 2–502." Section 2–502 concerns "Execution of Wills."

■ The language of section 450(a) and the comment to section 6–201 indicate that such transactions are to be considered non-testamentary and that a signature of the decedent on the note indicating a testamentary intent is not necessary.

■ Furthermore, the promissory note was a contract between the decedent and the maker of the note that was effectively delivered to the decedent with the payments made and accepted.

The appellants' second point of error is overruled.

The judgment of the trial court is affirmed.

DUNN, J., dissenting.

DUNN, Justice, dissenting.

I respectfully dissent.

Appellees request, by way of declaratory judgment, that the court determine, as a matter of law, that the promissory note falls within the provisions of Tex.Prob. Code Ann. sec. 450 (Vernon 1980). Sec. 450(a)(1) provides, in effect, that if the promissory note contains a designation of a person to receive payment at the payee's

death, then the promissory note is to be deemed a non-testamentary instrument.

Generally, a promissory note is testamentary in character; however, sec. 450 and the Uniform Probate Code, sec. 6–201 (1969), set out three specific instances in which a promissory note may be considered a non-testamentary document. In light of the statutes governing the execution of wills and the cases that support carrying out the will of the testator, these specific statutory exceptions to the general rule should be strictly, rather than liberally, construed.

The determination of whether or not the instrument falls within the confines of the exception must be determined from the document itself, i.e. the promissory note, and extrinsic evidence may not be offered to prove intent; otherwise, a declaratory judgment is not proper. *See R & P Enterprises v. La Guarta, Gavrel & Kirk, Inc.,* 596 S.W.3d 517 (Tex.1980).

Considering the promissory note in question, we find the following language:

FOR VALUE RECEIVED, I, we, or either of us, as principals, promise to pay to the order of CECILIA J. BROOKS, A WIDOW, (*BUT IN THE EVENT OF CECILIA J. BROOKS DEATH TO HER HEIRS STANLEY M. BROOKS AND CLARENCE E. BROOKS*), in the City of Houston, County of Harris, Texas, the sum of ONE HUNDRED NINETY FOUR THOUSAND EIGHT HUNDRED FIFTY AND NO/100—($194,850.00) DOLLARS in legal and lawful money of the United States of America, with interest thereon from date hereof until maturity at the rate of TWELVE AND ONE HALF (12.50%) per cent per annum; the interest payable as set out below; matured unpaid principal and interest shall bear interest at the maximum rate allowed by law from date of maturity until paid. (Emphasis added.)

To fall within the confines of the exception, it must be clear and unambiguous who should receive the benefits of the note in the event of the payee's death. This is not the case here. The mere placement of commas is capable of creating two differ-ent meanings: (1) heirs, a general category of persons statutorily recognized that would include the appellees, Stanley M. Brooks and Clarence Brooks; or, (2) by placing a comma after heirs, the specific would control the general, and only Stanley M. Brooks and Clarence E. Brooks would be entitled to the benefits of the note. Because of this ambiguity as to exactly who the "designated person" is, the court could not determine, as a matter of law, that the promissory note falls into the exception set out in the statute making it a non-testamentary document. I would find that the promissory note does not qualify under the statute as a non-testamentary instruction.

Further, as to the Liberty Association accounts, the document, referenced by the majority in support of the saving certificates being a joint account with rights of survivorship, specifically refers to only two accounts, account no. 13–159993–5 and account no. 13–1805508. With regard to these saving certificates, I agree that they are non-testamentary documents. However, Savings Certificate, Account No. 13–1705508, does not appear on this supporting document. Further, nothing in this record, including the certificate itself, tends to indicate that this savings certificate was intended to be a joint account with rights of survivorship. Savings certificate, No. 13–1705508, was issued in the name of "Cecelia J. Brooks, or Stanley M. Brooks, or Clarence E. Brooks" with no mention of rights of survivorship. I would find that this savings certificate does not qualify as a non-testamentary document.