Sandra Jane SHAW, Independent Executrix of the Estate of J Arnold Shaw, Deceased, Appellant,

v.

Yeulalo SHAW, Appellee.

No. 10–92–015–CV.

Court of Appeals of Texas, Waco.

July 22, 1992.

Rehearing Denied July 22, 1992.

J.P. Davis, Haley, Davis, Wren, Bristow & Rasner, Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Sandra Shaw, independent executrix of J Shaw's estate and a child of his previous marriage,[1] sought a declaratory judgment that funds in the possession of Yeulalo Shaw, J's widow and Sandra's stepmother, belong to his estate. She asserts that the accounts through which Yeulalo claims the funds as survivor—joint accounts in the names of Yeulalo and J—are not survivorship accounts as a matter of law.

After J and Yeulalo were married in 1984, J decided to change two of his bank accounts so that Yeulalo would be a joint account holder. They went to MBank in October 1988 and April 1989 and signed new signature cards for two different accounts. Under "Type of Customer," each card specified "Joint with Survivorship."

After J died on June 14, 1989, Yeulalo went to the bank, claimed the accounts as the "survivor," and changed them to her name. Sandra discovered that Yeulalo had changed the accounts and was claiming sole ownership of the funds.

Sandra asked the court to declare that all the funds in both accounts belonged to the estate and that the signature cards do not qualify as "survivorship agreements" under the Probate Code. Yeulalo filed a counterclaim asserting that the accounts belong to her by virtue of her "survivorship" status. Each party moved for a partial summary judgment on the survivorship issue. The court, holding that the language on the signature cards was sufficient as a matter of law to create joint accounts with rights of survivorship, granted Yeulalo's motion for partial summary judgment and denied Sandra's. *See* TEX. PROB.CODE ANN. § 439(a) (Vernon Supp. 1992). After the parties stipulated to attor-

Phil Robertson, Robertson, & Robertson, Clifton, for appellant.

1. The record shows that Mr. Shaw's first name is the initial "J" without punctuation.

ney's fees and an interest rate, the court entered a final judgment for Yeulalo.

Sandra alleges that the court erred in four ways: in granting Yeulalo's motion for partial summary judgment; in denying Sandra's motion for partial summary judgment; in awarding Yeulalo attorney's fees; and in denying Sandra attorney's fees.

Sandra argues that the court erred in holding that the accounts were survivorship accounts because it is contrary to the Supreme Court's interpretation of section 439(a) of the Probate Code in *Stauffer v. Henderson. See id.; Stauffer v. Henderson,* 801 S.W.2d 858 (Tex.1990). Different rules as to survivorship accounts have prevailed at different times since they were first the subject of legislation in 1848. However, the court in *Stauffer* held that "the Legislature has replaced the various legal theories which have been used to determine the existence of a right of survivorship in a joint account with section 439 [of the Probate Code]." *Stauffer,* 801 S.W.2d at 863.

The statute provides, in pertinent part:

(a) Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties against the estate of the decedent if, by a written agreement signed by the party who dies, the interest of such deceased party is made to survive to the surviving party or parties. *Notwithstanding any other law,* an agreement is sufficient to confer an *absolute right* of survivorship on parties to a joint account under this subsection *if the agreement states in substantially the following form: "On the death of one party to a joint account, all sums in the account on the date of death vest in and belong to the surviving party as his or her separate property and estate."* A survivorship agreement will not be inferred from the mere fact that the account is a joint account.

TEX.PROB.CODE ANN. § 439(a) (emphasis added).

The Legislature has determined that three requirements must exist to attach a right of survivorship to a multiple-party account: (1) a written agreement, (2)

signed by the party who dies, (3) which specifies that the interest of such deceased party survives to the surviving party or parties. *Id.* The signature card is frequently the only written agreement of the parties, signed by the party who has died, which might reflect such an agreement. *Stauffer,* 801 S.W.2d at 861. An agreement that meets the requirements of the statute prevails "[n]otwithstanding any other law," and the agreement creates "an absolute right of survivorship." TEX.PROB. CODE ANN. § 439(a).

■ Thus, the language of an agreement relating to a multi-party account either does or does not create a right of survivorship as a matter of law. *Id.* A determination of ambiguity is not permitted. *Stauffer,* 801 S.W.2d at 863–64. The Supreme Court, giving the words in the statute their plain meaning, determined that, if the terms of the joint-account agreement are clear as to rights of survivorship, extrinsic evidence is inadmissible to show the intent of the parties or to vary, add to, or contradict the agreement. *Id.* at 864. Although principles of contract interpretation would normally allow extrinsic evidence to shed light on an ambiguity in the contract, the court has interpreted the Probate Code to have abrogated all basic contract principles such that only the statute controls the interpretation of a survivorship agreement relating to a multi-party account. Philip M. Green, Note, *Extrinsic Evidence Is Not Admissible to Determine Parties' Intent Regarding Right of Survivorship on Joint Bank Accounts: Stauffer v. Henderson, 801 S.W.2d 858 (Tex.1990),* 22 TEX.TECH L.REV. 1237, 1251 (1991).

The facts of *Stauffer* are similar to our facts. The signature card in *Stauffer,* the only written agreement signed by the decedent, stated that the account was a "JOINT ACCOUNT—PAYABLE TO EITHER OR SURVIVOR." *Stauffer,* 801 S.W.2d at 859. In *Stauffer,* the Court held that the card "authorizes payment of funds to the survivor at the other party's death but does not create a right of survivorship." *Id.* at 865–66. The *Stauffer* court also held that extrinsic evidence would not be admissible

to create such a right of survivorship and that the account was a simple joint account without a right of survivorship. *Id.* at 864–66.

█ The signature cards signed by J and Yeulalo, the only written agreement signed by J relating to the accounts, states that the accounts were "Joint with Survivorship." TEX.PROB.CODE ANN. § 439(a). The statute provides an example of language sufficient to create a valid survivorship agreement. *Id.* The example need not be followed exactly, but it must be "substantially" followed. The example given by the statute is: "On the death of one party to a joint account, all sums in the account on the date of death vest in and belong to the surviving party as his or her separate property and estate." *Id.* If extrinsic evidence were admissible, our view might be different. Sufficient extrinsic evidence exists in the record to raise a fact issue on intent, but *Stauffer* and section 439(a) prohibit us from considering anything other than the signature cards. *See id.; Stauffer,* 801 S.W.2d at 864. Because "Joint with Survivorship" does not substantially fulfill the requirements of section 439(a) and *Stauffer,* we believe that we have no choice but to hold that the signature cards were insufficient to create a right of survivorship. *See* TEX.PROB.CODE ANN. § 439(a); *Stauffer,* 801 S.W.2d at 865–66. Because the signature cards were insufficient to confer a right of survivorship on Yeulalo, the judgment in her favor must be reversed. *See id.* We sustain point one.

Sandra's third point asserts that the court erred in awarding attorney's fees to Yeulalo. After the court granted Yeulalo's motion for partial summary judgment and denied Sandra's, the parties stipulated to the amount of attorney's fees to be awarded to the prevailing party. The stipulated amounts were awarded to Yeulalo in the final judgment. Because we have sustained Sandra's first point and will reverse the judgment, we also sustain her third point.

█ Sandra's second point complains that the court erred in denying her motion for partial summary judgment. Usually, the denial of a motion for summary judgment is not appealable. *Wright v. Wright,* 154 Tex. 138, 274 S.W.2d 670, 674 (1955). However, when two opposing parties each file a motion for summary judgment and an appeal results, the appellate court can render the judgment that the trial court should have rendered. *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400 (1958). Sandra did not appeal from the granting of a summary judgment but from a final judgment. Both parties moved for a *partial* summary judgment and not a *final* summary judgment. *See Bowman v. Lumberton Indep. School Dist.,* 801 S.W.2d 883, 889 (Tex.1990). A final judgment based on the determinations made in the partial summary judgment was entered only after the parties stipulated on the issues of attorney's fees and interest on the accounts. Thus, the rule of *Tobin* does not apply. *See id.* Although the partial summary judgment was merged into the final judgment and became appealable at that time, the denial of Sandra's motion for a partial summary judgment was interlocutory and not appealable. *See Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200, 201 (1959); *Wright,* 274 S.W.2d at 674. We overrule point two.

█ We find that a remand of this cause is not necessary. *See* TEX.R.APP.P. 80(b)(3). No facts are left to be decided; no damages need be assessed. *See Williams v. Safety Casualty Co.,* 129 Tex. 184, 102 S.W.2d 178, 180 (1937). The facts surrounding the two bank accounts have been fully developed, and the justice of the case does not demand a trial. *See id.* We have determined that the signature cards for the accounts in question, the only possible source of an agreement under section 439(a) of the Probate Code, do not create survivorship agreements as a matter of law. The parties have stipulated that the prevailing party is entitled to attorney's fees and to the amount of attorney's fees. They have also stipulated to a rate of interest in the event Sandra is legally entitled to recover interest, which she is under the equitable doctrine of interest for the use and detention of money. *See Phillips Pe-*

*troleum Co. v. Stahl Petroleum Co.,* 569 S.W.2d 480, 485–88 (Tex.1978). Sandra's point four complains that the court erred in denying her request for attorney's fees. Because we will render judgment in her favor, we sustain point four.

We therefore reverse the judgment of the trial court and render judgment in favor of Sandra Jane Shaw, Independent Executrix of the Estate of J Arnold Shaw, Deceased, that: (1) accounts number 318–220–1 and 850–242–9, owned by J Arnold Shaw prior to his death as his separate property, are property of the estate; (2) the Independent Executrix have and recover of and from Yeulalo Shaw the sum of $66,-764.31, together with interest thereon from June 14, 1989, until the date of the judgment of this court at the stipulated rate of 6% per annum; (3) the Independent Executrix further recover from Yeulalo Shaw stipulated attorney's fees in the amount of $5,000 for services rendered through final judgment in the trial court, $1,500 for services in the appeal to this court, and $1,500 in the event of an application for writ of error to the Supreme Court of Texas; (4) the judgment bear interest from the date of judgment until paid at the statutory rate; and (5) the Independent Executrix recover all costs incurred in the trial court and this court.