George Ann McNEME, Appellant,

v.

The ESTATE OF Anna Mae HART, Deceased, Appellee.

No. 08–92–00349–CV.

Court of Appeals of Texas, El Paso.

June 30, 1993.

Opinion Granting Rehearing Aug. 11, 1993.

Randy Cleveland, Monahans, Larry Zinn, San Antonio, for appellant.

Gerald K. Fugit, Odessa, for appellee.

Before OSBORN, C.J., and KOEHLER and LARSEN, JJ.

## OPINION

OSBORN, Chief Justice.

This appeal from a final order in a probate proceeding, involves the question of whether two bank accounts were joint accounts with rights of survivorship. The trial court found that these accounts were not joint accounts with rights of survivorship and that the accounts should be part of the estate of the decedent and not pass to the joint owner following the death of the party who established the accounts. We affirm in part and reverse and render in part.

### Facts

Anna Mae Hart died at the age of 82 on December 8, 1990. Her will was admitted to probate a month later. Mrs. Hart left her estate equally to her nieces, George Ann McNeme and Glendora Harrington, who are sisters. McNeme was appointed independent executrix and she filed an inventory of the estate. Harrington challenged the inventory because bank accounts and certificates of deposit were excluded.

The trial court ruled that a bank account in Midland and a bank account in Monahans were not joint accounts with rights of survivorship and ordered that the balance of each account be included in the estate to be divided under the terms of the will. By four points of error, McNeme asserts that the trial court erred in holding that each account was not a joint account with right of survivorship and that the balance of the accounts should be included in the inventory of the estate.

### Issue of Ownership

If these two accounts were actually joint accounts with rights of survivorship, then the balance of each account properly belongs to McNeme. Otherwise, they are part of the estate of Hart. TEX.PROB.CODE ANN. § 439(a) (Vernon Supp.1993); *Sheffield v. Estate of Dozier*, 643 S.W.2d 197 (Tex.App.— El Paso 1982, writ ref'd n.r.e.).

### Creation of Joint Account with Right of Survivorship

Section 439(a) of the Texas Probate Code provides:

(a) Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties against the estate of the decedent if, by a written agreement signed by the party who dies, the interest of such deceased party is made to survive to the surviving party or parties. Notwithstanding any other law, an agreement is sufficient to confer an absolute right of survivorship on parties to a joint account under this subsection if the agreement states in substantially the following form: 'On the death of one party to a joint account, all sums in the account on the date of the death vest in and belong to the surviving party as his or her separate property and estate.' A survivorship agreement will not be inferred from the

mere fact that the account is a joint account.

The leading case interpreting this statute is *Stauffer v. Henderson,* 801 S.W.2d 858 (Tex.1990). In that case, the agreement on the parties' signature card said the account would be a joint account "and that upon the death of either of us any balance in said account or any part thereof may be withdrawn by, or upon the order of the survivor." *Id.* at 859. The Court held that language did not create rights of survivorship. In considering Section 439 of the Probate Code, the Court noted that the legislature has made a written agreement both necessary and sufficient for a right of survivorship in a joint account and that it has undertaken to specify language that will meet its requirement. The Court said:

> First, section 439 provides the exclusive means for creating a right of survivorship in joint accounts....

> .    .    .    .    .

> Second, the necessity of a written agreement signed by the decedent to create a right of survivorship in a joint account is emphatic....

*Stauffer,* 801 S.W.2d at 862–63. After noting that the specific language of the statute meets the requirement for an account with survivorship rights, the Court in footnote 5 says that in addition to the "safe harbor" language, banks may ask in plain language whether or not their customers intend for funds to go to the surviving joint account holders. But, the Court makes it clear that neither extrinsic evidence nor a rebuttable presumption may create a right of survivorship which is not established by a written agreement signed by the deceased joint account party.

### Monahans Account

■ The account at the First National Bank of Monahans contains a signature card signed by Anna Mae Hart and George Ann McNeme which contained the following language:

> The undersigned, joint depositors, hereby agree each with the other and with you [the bank] that all sums now on deposit or heretofore or hereafter deposited by either or both of said joint depositors with you to their credit as such joint depositors with all accumulations thereon, are and shall be owned by them jointly, with right of survivorship, and be subject to the check or receipt of either of them or the survivor of them and payment to or on the check of either or the survivor shall be valid and discharge you from liability.

Both Hart and McNeme signed the card under the quoted language.

First, it is clear that this signature card does not contain the "safe harbor" clause as provided for in the statute. The next question is does the card indicate in plain language that these bank customers intended ownership of the funds remaining in the account after the death of one joint account holder would go to the surviving joint account holder? The answer is "Yes". The plain language is that the sums on deposit "shall be owned by them jointly, with right of survivorship". If the sums on deposit are to "be owned" by the survivor, that is the same as the magic language in the statute that "all sums ... vest in and belong to the surviving party...." In either case, the intention seems clear; i.e., the survivor takes all.

In *Chopin v. InterFirst Bank Dallas N A,* 694 S.W.2d 79 (Tex.App.—Dallas 1985, writ ref'd n.r.e.), the Court said "as a minimum the agreement must provide that the account 'is held by them as joint tenants with the rights of survivorship' or equivalent language in order to vest *ownership* in the surviving party." *Id.* at 84. That case was decided before the "safe harbor" clause was added but is certainly relevant in this case which does not have that clause. That language on the signature card in this case meets that minimum test stated by the Dallas Court. That case was followed in *Dickerson v. Brooks,* 727 S.W.2d 652 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). In that case, the signature card was entitled "Savings Account, Joint (with Right of Survivorship)" and stated that the certificate was to be issued "in the joint names of the undersigned as joint tenants with rights of survivorship and not as tenants in common...." *Id.* at 653–54. Relying upon the *Chopin*

decision, the Court said, "[l]anguage to the effect that 'the account is held as joint tenants with rights of survivorship' is sufficient to create a valid survivorship agreement." *Id.* at 653.

Additionally, we note the opinion in *Stauffer* approves in a footnote the holding in *Otto v. Klement,* 656 S.W.2d 678 (Tex.App.— Amarillo 1983, writ ref'd n.r.e.) as to a savings account agreement which stated that the account was held "[a]s joint tenants with right of survivorship and not as tenants in common". *Id.* at 680.

Two more recent cases which have considered this issue held that survivorship rights were not created. In *Ephran v. Frazier,* 840 S.W.2d 81 (Tex.App.—Corpus Christi 1992, no writ), the depository agreements contained a heading "JOINT ACCOUNT— WITH SURVIVORSHIP" but there was no express language in the agreements creating such right. In *Shaw v. Shaw,* 835 S.W.2d 232 (Tex.App.—Waco 1992, writ denied), the signature card specified "Joint with Survivorship" under "Type of Customer". That was held not to be in substantially the form dictated by the Probate Code provision. In our case, the issue is not to be decided by the heading on an agreement, but by the actual language in the agreement itself which says the sums shall be owned jointly with right of survivorship. Certainly, the statutory "safe harbor" language is preferable, but the language used on the Monahans signature meets the minimum test standards and the balance of that account was owned by George Ann McNeme as survivor following the death of Anna Mae Hart. Points of Error Nos. Three and Four are sustained.

### Midland Account

The account at NCNB in Midland is in the names of Anna Mae Hart, George Ann McNeme and her husband, David McNeme. The signature card is signed by Anna M. Hart, as depositor. The card says that the depositors "agree to be governed by the deposit agreement related to the type account associated with this card as such agreement may be amended from time to time." Below the signature line is a box with an "X" and the statement "or with right of survivorship"

and three sets of initials of Hart and the two McNemes. The bank's Deposit Agreement, which was not signed by any party, provided in paragraph 12f(iii):

> If survivorship is designated, on the death of one party to a joint account, all sums in the Account on the date of the death vest in and belong to the surviving party as his or her separate property and estate.

Although Hart's signature is on the card which states that the account would be governed by the Deposit Agreement, the Deposit Agreement with the survivorship provision is not signed. The portion of the card denominating the account as "with right of survivorship" is not signed but only initialed. The statute clearly requires an agreement signed by the party who creates the right of survivorship in another person. Without a signature, no right of survivorship was created in the account at NCNB in Midland. Points of Error Nos. One and Two are overruled.

That part of the order of the trial court holding that the funds in the account in Midland do not belong to George Ann and David McNeme under survivorship rights and that such funds are a part of the estate of Anna Mae Hart is affirmed, and that part of the order holding that the funds in the account in Monahans are a part of the estate of Anna Mae Hart is reversed and it is ordered that such funds are owned by George Ann McNeme as her separate property under rights of survivorship.

LARSEN, Justice, concurring and dissenting.

I concur in that portion of the majority's opinion finding the First National Bank of Monahans' account to be a joint account with right of survivorship. I respectfully dissent, however, from that portion of the opinion finding the Midland NCNB account insufficient to create such a right of survivorship. I do not believe that either Texas Probate Code § 439(a), or the *Stauffer v. Henderson* opinion mandate that the clear purpose of the deceased joint account holder to be thwarted here.

Mrs. Hart, by her written signature, contracted to be bound by a Deposit Agreement which contained language tracking the "safe harbor" language of the probate code. I believe her actions and the written agreement contained in the signature card and Deposit Agreement were sufficient to create a joint account with right of survivorship. Certainly, if the bank sued Mrs. Hart, they would rely on her agreement to be bound by the Deposit Agreement.

The majority's opinion holds, by implication, that a decedent's signature *must* be contained on the same document which sets out the safe harbor language, and that Mrs. Hart's signature on one document agreeing to be bound by another is insufficient as a matter of law to create the right of survivorship. I perceive no such requirement in the language of the probate code or the relevant caselaw. Although I would certainly agree that incorporation by reference is not the preferred method for creating these accounts, I would nevertheless hold that where the document to be incorporated is identified with certainty, exists at the time the account is created and the signatures made, and contains adequate language to satisfy the terms of the probate code, that is sufficient to create the joint account with right of survivorship. This is particularly true where, as here, the joint account holders' initials next to the checked box and the words "with right of survivorship" provides further written proof of decedent's purpose in creating the account. I can see no reason to require that the statutory "safe harbor" language and decedent's signature be physically present on the same piece of paper; so long as they are both part of an integrated written agreement, they should create the joint account with right of survivorship clearly anticipated by Mrs. Hart and Mrs. McNeme here. For these reasons, I would reverse that portion of the trial court's order regarding the Midland NCNB account, holding that it is owned by George Ann and David McNeme and is not a part of the estate of Anna Mae Hart.

### OPINION ON MOTION FOR REHEARING

The Appellant has filed a Motion for Rehearing and NationsBank has filed an *amicus curiae* brief in support of the Appellant's contentions. It is urged that the Court erred in holding that the Midland account at NCNB, now NationsBank, was not a joint account with right of survivorship. The Appellant contends (1) that initials on the signature card beside the box with the statement "or with right of survivorship" is sufficient for the card to be in the language of the statute, "signed by the party" and (2) that incorporation of the bank's deposit agreement by reference was sufficient to make the account a survivorship account. We agree. The Motion for Rehearing is granted.

### *"Signed Agreement"*

■ Texas Probate Code, Section 439(a) provides for the creation of joint accounts with right of survivorship provided there is a "written agreement signed by the party who dies". TEX.PROB.CODE ANN. § 439(a) (Vernon's Supp.1993). Do a party's initials qualify to show the party "signed" the agreement? We conclude the answer is "Yes". TEX.BUS. & COM.CODE ANN. § 1.201(39) (Vernon 1968) says, " 'signed' includes any symbol executed or adopted by a party with present intention to authenticate a writing." The official comment to Section 1.201(39) notes that authentication "may be by initials". While we are confident that NationsBank would not accept a check drawn on this account with only the initials of the depositor, the statute as opposed to the bank's signature card does not require a signature, but only that the written agreement be "signed" and a set of initials meets that requirement.

### *Incorporation by Reference*

■ NationsBank cites the Court to TEX. REV.CIV.STAT.ANN. art. 342–701 (Vernon Supp.1993), for the proposition that the deposit contract is a contract in writing by which the parties are bound. We agree that the statute makes the depository agreement a contract in writing. But that is not the issue. The issue is whether there was a written agreement "signed by the party who dies" as required by Section 439(a) of the Texas Probate Code.

The Appellant urges that many statutes require that a writing be "signed" by a party but that another agreement incorporated by reference meets the requirements where one agreement is signed and the other is not. They cite TEX.BUS. & COM.CODE ANN. § 26.01 (Vernon 1987) (statute of frauds) and TEX. REV.CIV.STAT.ANN. art. 6573a (Vernon Supp. 1993) (Texas Real Estate License Act). They also rely upon the language in *Owen v. Hendricks*, 433 S.W.2d 164, 166 (Tex.1968), a real estate commission case, where the Court said, "It is uniformly held that an unsigned paper may be incorporated by reference in the paper signed by the person sought to be charged." See also *MTrust Corp. N.A. v. LJH Corp.*, 837 S.W.2d 250 (Tex.App.—Fort Worth 1992, writ denied), a statute of frauds case.

We recognize that in *Stauffer v. Henderson*, 801 S.W.2d 858 (Tex.1990), the Court spoke clearly when in discussing the requirements under Section 439 of the Probate Code, it said:

> Second, the necessity of a written agreement signed by the decedent to create a right of survivorship in a joint account is emphatic. [Emphasis added].

Id. at 863. See also R. Virden, *Joint Tenancy with Right of Survivorship*, 51 TEX.B.J. 455 (1988) and R. Virden, *Joint Tenancy with Right of Survivorship Accounts*, 55 TEX. B.J. 24 (1992).

But in that case, the Court was not considering the issue now before this Court and wrote only on the issue before it. In amending Section 439, the legislature had to be aware of the holdings that one signed agreement can incorporate terms of another unsigned agreement and even that initials may serve to make a document "signed". We recognize that such a holding provides an exception to the language characterized as "emphatic." But such exception is warranted based upon the Supreme Court's holdings in other cases with similar statutory requirements.

We sustain the Appellant's Points of Error Nos. One and Five of the Motion for Rehearing. The judgment of the trial court is reversed and judgment is rendered that the funds in the Midland and Monahans accounts belong to George Ann McNeme as her separate property under rights of survivorship.