Green -final 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-150-CV





RUSSELL H. GREEN, JR.,



 
 APPELLANT


vs.





PATRICIA A. HUTCHISON,



 APPELLEE



 




FROM THE COUNTY COURT OF CONCHO COUNTY



NO. 1371, HONORABLE CHARLES J. DANKWORTH, JUDGE PRESIDING



 




 Russell H. Green, Jr. appeals the trial court's order in a probate proceeding
denying his motion to remove his sister, Patricia A. Hutchison, appellee, as executor of the estate
of their father, Russell H. Green, Sr., and denying relief on his complaint in which he sought to
have certain bank accounts included in the estate Inventory, Appraisement, and List of Claims. 
We will affirm the trial court's order. 

 Mr. Green, Sr. died on January 4, 1992. His will, admitted to probate without
objection on January 21, 1992, named Hutchison independent executor of the estate. Hutchison
failed to file timely an Inventory, Appraisement and List of Claims within ninety days. See Tex.
Prob. Code Ann. § 250 (West 1980). On June 12, 1992, appellant filed a motion to remove
Hutchison as executor for her failure to file the inventory. In response, Hutchison filed a motion
for extension of the time period to file the inventory, which the trial court granted. Hutchison
ultimately filed the inventory on June 29, 1992.

 Appellant then filed his complaint seeking inclusion of certain bank accounts and
certificates of deposit in the inventory. See Tex. Prob. Code Ann. §§ 257-258 (West 1980). 
Hutchison argued that she and her father held these accounts and certificates of deposit as joint
tenants with a right of survivorship and, therefore, they were not estate property. See Tex. Prob.
Code Ann. § 439 (West 1980 & Supp. 1993); Stauffer v. Henderson, 801 S.W.2d 858, 860 (Tex.
1990); Shaw v. Shaw, 835 S.W.2d 232, 234 (Tex. App.--Waco 1992, writ denied).

 After a hearing and consideration of trial briefs, the trial court found that, with the
exception of one checking account, the bank accounts and certificates of deposit were held as joint
tenancies with a right of survivorship. Accordingly, the trial court ordered that the inventory be
amended to add only the checking account and denied all other relief sought in appellant's motion
and complaint.

 Appellant appeals in two points of error complaining that (1) the account
agreements attached to Hutchison's pleadings did not create a joint tenancy with a right of
survivorship, and (2) the evidence was insufficient to support the trial court's determination
because portions of the account documentation were attached to Hutchison's trial brief, but not
introduced as evidence at the hearing. See Tex. Prob. Code Ann. § 439(a) (West Supp. 1993). 

 We do not reach the merits of appellant's complaints. There is no statement of
facts in the record from the hearing on appellant's motion and complaint. Apparently, no record
was made of these proceedings. Additionally, appellant failed to request findings of fact and
conclusions of law. 

 Appellant bore the responsibility to bring forward a sufficient record to show error
requiring reversal. Tex. R. App. P. 50(d). Absent a statement of facts, we are required to make
every presumption in favor of the trial court's judgment. Commercial Credit Corp. v. Smith, 187
S.W.2d 363, 365 (Tex. 1945). We must presume that all facts necessary to support the judgment
have been found. Guthrie v. National Homes Corp., 394 S.W.2d 494, 495 (Tex. 1965).

 Appellant's points of error complain only of the sufficiency of the evidence. 
Absent a statement of facts, this Court cannot review complaints as to the factual or legal
sufficiency of the evidence. See Englander Co. v. Kennedy, 428 S.W.2d 806, 807 (Tex. 1968);
Watson v. Century Condominiums, Ltd., 825 S.W.2d 551 (Tex. App.--Houston [14th Dist.] 1992,
no writ); Collins v. Williamson Printing Corp., 746 S.W.2d 489, 492-93 (Tex. App.--Dallas 1988,
no writ). We must presume the trial court's judgment was supported by sufficient evidence. 
Watson, 825 S.W.2d at 551.

 Accordingly, we overrule appellant's points of error and affirm the trial court's
judgment.



 


 Jimmy Carroll, Chief Justice


Before Chief Justice Carroll, Justices Aboussie and Jones


Affirmed


Filed: September 15, 1993


Do Not Publish