**James F. McKENZIE, III, Appellant,**

v.

**C. M. FROST et al., Appellees.**

No. 6064.

Court of Civil Appeals of Texas.

El Paso.

Dec. 3, 1969.

Rehearing Denied Dec. 31, 1969.

Garland Casebier, H. S. Harris, Jr., Midland, for appellant.

I. M. Wilford, Houston, Hart Johnson, Fort Stockton, Crawford C. Martin, Atty. Gen., Austin, J. Milton Richardson, Houghton Brownlee, Jr., Nola White, Asst. Attys. Gen., for appellees.

## OPINION

WARD, Justice.

This suit was filed by appellant, as plaintiff, in the 83rd District Court of Pecos County, Texas to establish his rights as a good faith claimant under the provisions of Article 5421c, Vernon's Texas Revised Civil Statutes Annotated, to a certain 75.-44-acre tract located in Pecos County, and as an incidence thereto to set aside the adverse portions of a former judgment rendered against him in the 83rd District Court, and also to set aside an oil and gas lease from the Commissioner of the General Land Office to C. M. Frost covering this identical tract of land. Identical special exceptions to the petition were filed by C. M. Frost and by the intervenor, the State of Texas, presenting the law questions that

appellant's petition showed on its face that his suit was barred by a prior judgment of the same court. The trial court sustained the exceptions, and upon the appellant's refusal to amend, dismissed his suit. This appeal results.

The above-mentioned former judgment resulted from a suit instituted by C. M. Frost after his vacancy application was denied by the Commissioner of the General Land Office. In that suit, the land in controversy included the present 75.44-acre tract, and in that suit the present appellant, James F. McKenzie III, was made a party and filed a general denial. In the former suit, trial judgment was rendered in favor of C. M. Frost decreeing the existence of the vacancy, that judgment specifically decreeing that there was no good faith claimant to the 75.44-acre tract presently in dispute. On appeal, this court of civil appeals reversed and rendered judgment that the land there in question was not a vacancy. Socony Mobil Oil Co. v. Frost, 407 S.W.2d 248. The Supreme Court reversed the judgment of the court of civil appeals and affirmed the judgment of the trial court, in Frost v. Socony Mobil Oil Company, 433 S.W.2d 387, that judgment becoming final on October 2, 1968. Within ninety days from October 2, 1968, the present appellant, James F. McKenzie III, as a good faith claimant, filed his application to purchase the present 75.44-acre tract with the Commissioner of the General Land Office, and on January 2, 1969 the Commissioner rejected his application, the Commissioner assigning as a reason for the rejection of the claim the fact that the issue of good faith claimant was passed upon in the former suit, and that since the appellant was a party to that judgment, he is now precluded from asserting any rights as a good faith claimant. After fairly and accurately tracking the history of the litigation as outlined, the appellant's present petition further alleges that as a good faith claimant within the meaning of Article 5421c, he should be accorded the rights afforded by the following provision of said Article:

"Any good faith claimant shall also have a preference right until ninety (90) days after final judicial determination of the existence of a vacancy to purchase the land alleged or adjudicated to be vacant; * * *"

He further alleges that the former judgment does not preclude him from asserting his rights as a good faith claimant because Article 5421c does not confer jurisdiction upon a trial court to adjudicate the question of whether one is a good faith claimant unless, first, the Commissioner of the General Land Office has found that a vacancy exists; that the proceedings in the former case arose as a suit after the Commissioner had determined that the land in question was not vacant, and therefore our present appellant had the right in the former action to take any position that he wanted to in said cause relative to the alleged vacant land, and that if the trial court finally determined the area to be vacant, then if he could otherwise qualify as a good faith claimant, he had ninety days after "final judicial ascertainment" of the existence of the vacancy within which to file his application with the Commissioner to purchase all or any part of the area declared to be vacant. In addition to alleging facts supporting his claim that he has all of the prerequisites of a good faith claimant, he further alleged a tender to appellees of a proportionate part of the cost of surveying the vacant area in controversy. In addition he alleges that with full knowledge of his rights, the Commissioner attempted to sell to appellee Frost an oil and gas lease on the tract which is unenforcible until the present rights of a good faith claimant are determined.

█ The parties to the present suit do not question the proposition that ordinarily a plea of res judicata is an affirmative defense, but that if a petition shows on its face that the plaintiff's suit is barred by a prior judgment, the point can be raised by special exception, and the parties urge that

testing the petition in this manner goes to the heart of the present controversy. Mueller v. Banks, 317 S.W.2d 254 (Tex.Civ.App., San Antonio, no writ); 2 McDonald Texas Civil Practice, Sec. 7.19.

■ Regardless of that, it is the law of this state that courts may take notice of their own records and a former judgment may be held to be conclusive in a subsequent action when the record shows a judgment rendered in a cause involving the same subject matter between the same or practically the same parties, even though no plea of res adjudicata be interposed in the subsequent suit. Victory v. State, 138 Tex. 285, 158 S.W.2d 760 (1942).

■■ This brings us to the main contention of the appellant that the trial court in the first suit was without jurisdiction over the subject matter of good faith claimant. While it is most comprehensive on the subject and specifically covers the present situation, a reading of Article 5421c is, at best, tedious. Section 6(d) subparagraph governs the right of an applicant other than a good faith claimant to file suit where his application to purchase or lease has been denied by the Commissioner upon the ground that the alleged vacancy did not exist. Such an applicant must file suit in the District Court where the land is situated within ninety days from the Commissioner's decision, or else lose all rights under his application. This was the situation in regard to the former suit. We think this section should be construed with the following portion of Section 6(f):

"If the Commissioner has failed to determine whether or not there is a good faith claimant, or if his decision is questioned by applicant or one asserting to be a good faith claimant, then such issue shall be determined in any suit brought under this Act to determine the existence of the alleged vacancy."

and with the general provision of the Act giving any party who feels himself aggrieved by the decision of the Land Commissioner with reference to any application to purchase or lease a right to bring suit in the District Court of the county where any part of the land is situated to try out the issue of title, boundary, and vacancy, as well as any issues concerning the priority of preference rights, Section 6, subparagraph (j), being as follows:

"Any person, firm, or corporation aggrieved by any action taken by the Commissioner under the provisions of this Act, or with reference to any application to purchase or lease vacancies, may institute suit in the District Court of the county where any part of the land is situated, but not elsewhere, and there try the issues of boundary, title, and ownership of any alleged vacancy involved, as well as the issues of the preference rights of such person, firm, or corporation, as herein provided * * *"

From the above provisions, it seems clear that Mr. Frost, the State of Texas, Mr. McKenzie, and all other parties in the former suit had the right in that case to have all of the issues and rights of parties pertinent to the alleged vacant area determined in the one suit. State v. Stanolind Oil & Gas Co., 190 S.W.2d 510 (Tex.Civ. App., wr. ref.), while not in point, does contain language which bears out our decision. There, in a similar situation, the good faith claimant filed a cross-action for title and possession of the land and was held entitled to prosecute the cross-action against the prior applicant as well as against the State, the final decision being that no vacancy there existed.

Regardless of jurisdiction as to the subject matter, the appellant complains of lack of pleadings and, consequently, lack of fair notice in the former suit informing him that his preference rights were to be placed in issue and likewise that there was no evidence placed before the court to determine he had no preference rights; and therefore

**524**

the former judgment cannot bar him in his present direct attack on the judgment. We do note that the prayer of Mr. Frost in the former suit contains the following statement:

"And plaintiff brings this suit for the purpose of trying the issues of boundary, title and ownership of the said vacancy as well as all issues of the preference rights of persons pursuant to law and all other matters necessary to be determined in connection with the said vacancy and the rights of plaintiff and other parties in respect thereto."

However, as we have said, as jurisdiction of the subject matter and person were obtained in the former suit, we feel that Rule 97(a), Texas Rules of Civil Procedure, compelled the appellant to file his counterclaim of whatever nature he might have had, including that of good faith claimant, or be subsequently barred from asserting it. Mr. McKenzie and the other parties were in court for the purpose of determining if a vacancy existed, and, if so determined, then for a final determination of the issues of the preference rights of the vacancy claimant and of the good faith claimants. In the course of those proceedings, a judgment was rendered that the vacancy existed, and as to the tract in controversy, that there were no good faith claimants. A party cannot litigate matters which he might have interposed, but failed to do, in a prior action between the same parties, in reference to the same subject matter. If one of the parties failed to introduce matters for the consideration of the court that he might have done, he will be presumed to have waived his right to do so. Thomson v. Philips, 347 S.W.2d 832 (Tex.Civ.App.); 2 McDonald Texas Civil Practice, Sec. 7.-49. The judgment determining that there were no good faith claimants to the tract of land is res judicata as to the appellant and cannot be litigated again.

The judgment of the trial court is affirmed.