Willie IVEY, Billie Ivey and the Estate of Ivas Scharlock, Appellants,

v.

Anne B. STEELE, Appellee.

No. B14-92-00761-CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 17, 1993.

Madison R. Jones, Douglas L. Waits, Houston, for appellants.

C. David Easterling, N. J. "Jim" Farrell, Houston, for appellee.

MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

The Last Will and Testament of Mrs. Ivas Scharlock was admitted to probate on September 12, 1990. Anne Steele and Billie Ivey were named as independent co-executrixes. They jointly filed a petition for declaratory judgment, to determine the ownership of certain bank accounts and certificates of deposit. Steele and the Estate then filed competing motions for summary judgment. Steele claimed that ten of the bank accounts were joint accounts that passed to her through a right of survivorship. The Estate claimed that all of the accounts passed through the will. The probate court ordered that eight accounts pass to Steele by right of survivorship, and that the remaining five accounts pass to the Estate. In two points of error, the Estate challenges the denial of its motion for summary judgment and the trial court's final judgment. We affirm.

## FACTS

Mrs. Scharlock had opened twelve joint accounts with Anne Steele and one joint tenants in common account with Billie Ivey. The accounts awarded to Anne Steele all had signature cards which had been signed by Mrs. Scharlock, the deceased. These cards had boxes checked designating the type of account chosen. They read, in pertinent parts, as follows:

(1) The Three Home Savings Accounts—Joint Tenancy with Right of Survivorship: Accountholders own this account as joint tenants with right of survivorship. Upon the death of one of us the survivor(s) shall own the entire account;

(2) The Three San Jacinto Savings Accounts—Joint Tenancy with Right of Survivorship. The undersigned agree that all funds now or hereafter deposited in the account(s) with the Association are and shall be our joint property with right of survivorship and that such funds may be paid to or on the order of any of us either before or after the death of any of us;

(3) The Heights Savings Account—Joint Tenancy with Right of Survivorship: Accountholders agree that they own this account as joint tenants with right of survivorship and that upon the death of one of us the survivor(s) shall own the entire account; and

(4) The Guardian Account—Joint Account—With Survivorship—Such an account is issued in the name of two or more persons. Each of you intend that upon your death the balance in the account (subject to any previous pledge to which you have consented) will belong to the survivor(s). If two or more of you survive, you will own the balance in the account as joint tenants with survivorship and you inform us of a change in ownership or close this account.

Of the accounts awarded to the Estate, a San Jacinto Savings account specifically designated that it was a "Tenants in Common" and not a "Joint Tenancy with Right

of Survivorship" account, a Home Savings account failed to have a box checked off designating the type of account chosen, two Citizens accounts had boxes checked that they were "Joint Accounts—with Survivorship," but failed to contain any other designating language, and a University Savings account contained no language indicating the type account opened.

## LAW

■ A right of survivorship in a joint account is created when a written agreement, signed by the party who dies, specifies that the interest of the deceased party is to survive to the surviving party. *Stauffer v. Henderson*, 801 S.W.2d 858, 862 (Tex.1990). The Legislature has decided that:

> an agreement is sufficient to confer an absolute right of survivorship on parties to a joint account ... if the agreement states in substantially the following form: "On the death of one party to a joint account, all sums in the account on the date of the death vest in and belong to the surviving party as his or her separate property and estate."

TEX.PROB.CODE ANN. art. 439(a) (Vernon Supp.1993); *Stauffer* at 863. Appellant maintains that in order to create a right of survivorship, the agreement must use the "operative words" of § 439(a)—namely that the account "vests in and belongs to" the surviving party "as his or her separate property and estate." Appellant's claim is without merit.

■ "In addition to [the] legislatively drafted 'safe harbor,' banks may also ask in plain language, on their applications, signature cards or other documentation for joint accounts, whether or not their customers intend ownership of the funds remaining in the account on the death of one joint account holder to go to the surviving joint account holders." *Stauffer* at 863, fn 5. Therefore, the only three requirements for creating a right of survivorship are: (1) a written agreement; (2) signed by the deceased; (3) which specifies that the interest of the deceased party survives to the sur-

viving party. *Shaw v. Shaw*, 835 S.W.2d 232 (Tex.App.—Waco 1992, writ denied).

■ The written agreement is determinative of the existence of a right of survivorship. *Stauffer* at 863. Parol evidence is inadmissible to vary, add to or contradict the terms. *Id.* If the agreement specifically designates that it is not an account with a right of survivorship, fails to indicate what type of joint account it is, or only indicates that it is a "Joint Account with Right of Survivorship," without additional explanatory language, then the agreement fails to confer a right of survivorship upon the surviving party. *Shaw v. Shaw*, 835 S.W.2d 232 (Tex.App.—Waco 1992, writ denied); *Ephran v. Frazier*, 840 S.W.2d 81 (Tex.App.—Corpus Christi 1992, no writ); *Kitchen v. Sawyer*, 814 S.W.2d 798 (Tex. App.—Dallas 1991, writ denied); *Stauffer v. Henderson*, 801 S.W.2d 858 (Tex.1990).

## ANALYSIS

■ In this case, all of the accounts which were awarded to the Appellee had signature cards, signed by the deceased, which specified in clear language that upon the death of one of the parties, the account was owned by the survivor(s). We hold that the language in these signature cards was sufficient to create a right of survivorship.

Further, we hold that the accounts which were awarded to the Estate contained language insufficient to confer a right of survivorship upon the surviving party. We believe that the trial court carefully considered the accounts in question, and properly determined which accounts passed by right of survivorship and which accounts passed through the Estate. Accordingly, we overrule Appellant's two points of error, and affirm the trial court's judgment.