**Billie Ann BANKS, Edward Bruce Browning, Sylvia Gayle Monett, Joey Darrell Watson, Mark David Watson, Cynthia Kim Tate, and Amber Diane Watson, Appellants,**

v.

**Ruth Christine BROWNING, individually, Appellee.**

**No. 2–93–155–CV.**

Court of Appeals of Texas, Fort Worth.

April 5, 1994.

Rehearing Overruled May 11, 1994.

Garrett Morris, Fort Worth, for appellants.

Christopher N. Forbis, Sewell and Forbis, Decatur, for appellee.

Before WEAVER, HICKS and FARRAR, JJ.

## OPINION

HICKS, Justice.

Appellants are H.L. Browning's children and grandchildren from his first marriage.[1] After H.L. died intestate, appellants sued appellee Ruth Browning, H.L.'s second wife, to recover community property monies on deposit in two joint savings accounts they alleged belonged to them as H.L.'s heirs. The trial court denied appellants' motion for summary judgment, and granted appellee's motion for summary judgment. In one point of error, appellants allege that the trial court erred in granting appellee's motion for summary judgment and denying their motion for summary judgment because the two joint account cards are insufficient as a matter of law to create written contracts for joint accounts with the right of survivorship in appellee because there are no signatures to the contracts on survivorship. We overrule this point of error and affirm.

The facts of this case are quite straightforward. H.L. Browning died intestate on September 4, 1991. At the time of his death, he had been married to Ruth Browning, his second wife, for thirty-four years. At his death, he had joint savings accounts at Sunbelt Savings Association and AmWest Savings Association with the second Mrs. Browning. According to appellee, the funds in these accounts belong solely to her because the accounts were joint accounts with the right of survivorship; appellants disagree.

Appellants argue that the account cards on file at Sunbelt and AmWest are insufficient to create joint accounts with the right of survivorship because there are no signatures to the contracts on survivorship. Appellants allege that alterations were made to the account cards after H.L. signed them. Their position is that the only evidence of the parties' intent as to the right of survivorship is an "X" on the account cards made by some clerk. Appellants point out that we can only assume that the cards were marked to provide for survivorship rights with the knowledge of both the Brownings prior to their signing the cards.

■ Section 439 of the Texas Probate Code requires that a survivorship agreement be (1) a written contract, (2) signed by the decedent, (3) which makes his interest survive to the other party. TEX.PROB.CODE ANN. § 439(a) (Vernon Supp.1994). The Supreme Court of Texas in *Stauffer v. Henderson*, 801 S.W.2d 858 (Tex.1990), held that if the language itself on an account card did not establish a clear intent of the decedent to create a survivorship account, extrinsic evidence or a rebuttable presumption to create the right of

---

1. Appellants Billie Ann Banks, Edward Browning, and Sylvia Monett are the surviving children from H.L.'s first marriage, and appellants Joey Watson, Mark Watson, Cynthia Tate, and Amber Watson are the children of a deceased child.

survivorship is not allowed by section 439(a). *Id.* at 865. Likewise, if a survivorship agreement is complete and unambiguous, parol evidence is inadmissible to vary its terms. *Id.* at 863–64. In other words, the agreement itself must indicate the intent of the decedent and extrinsic evidence is not admissible.

 We must then look at the account cards on file at both banks. Both account signature cards are signed by Ruth and H.L. Browning. At Sunbelt, the account card contains "X"s indicating where the parties should sign, and an "X" in the box by the joint account with right of survivorship. The AmWest account card has an "X" preceding Mr. Browning's signature and "XX" in the box by right of survivorship. The original signature cards were never presented in court. The trial court found that the account cards as executed created joint accounts with the right of survivorship.

Appellants argue that the accounts may have been designated as joint accounts with the right of survivorship *after* H.L. signed the account signature cards. They assert that since there is no proof that the "X"s on the account cards were placed there with the knowledge and consent of the deceased Mr. Browning, there is no written contract between the parties to establish a joint account with the right of survivorship. We find no merit to this contention.

 The written agreements are determinative of the existence of a right of survivorship. Because the account cards are clear and unambiguous regarding the parties' intent to create joint accounts with the right of survivorship, no extrinsic evidence to the contrary is admissible. The language in the two account signature cards is sufficient to create a right of survivorship in appellee.

The recent case of *Ivey v. Steele,* 857 S.W.2d 749 (Tex.App.—Houston [14th Dist.] 1993, no writ), further supports appellee's position that a valid joint account can be established with the right of survivorship using a signature card which requires the presence of a typewritten "X" to indicate on the account card exactly what type of ownership has been established. Thirteen differ-

ent accounts were in dispute in the *Ivey* case, each with account cards with boxes checked to designate the type of account chosen. The validity of this practice was sanctioned, and we will likewise find in the case before us that the use of "X" by the right of survivorship was permissible. *Cf. Ephran v. Frazier,* 840 S.W.2d 81, 87 (Tex.App.—Corpus Christi 1992, no writ); *Kitchen v. Sawyer,* 814 S.W.2d 798, 800–01 (Tex.App.—Dallas 1991, writ denied) (if signature card has boxes to check for form of ownership and no box is checked, survivorship account not created). Appellants' point of error is overruled.

The judgment of the trial court is affirmed.