**In the ESTATE OF Roy L. WILSON, Deceased.**

**No. 12–06–00075–CV.**

Court of Appeals of Texas, Tyler.

Dec. 20, 2006.

Rehearing Overruled Feb. 7, 2007.

Luke Madole, Carrington, Coleman, Sloman & Blumenthal, L.L.P., Dallas, for appellant.

Martin R. Bennett, Athens, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

The trial court granted summary judgment that three joint accounts held by the deceased, Roy L. Wilson, and his surviving wife, Sharon V. Wilson, passed outside of Roy's probate estate to Sharon. The independent executrix of Roy's estate appeals, asserting in five issues that no right of survivorship was created by the documents establishing the joint accounts and that the accounts were part of Roy's probate estate because of a court order approving her inventory and appraisement. We affirm.

## BACKGROUND

Roy and Sharon established two joint money market savings accounts and a joint checking account with Bank of America on August 18, 2003. In establishing these three accounts, Roy and Sharon signed a separate personal signature card for each of the three accounts. On each of the three cards, they marked an "X" next to the box that said "Joint with Right of Survivorship." On the signature cards establishing two of the accounts, the boxes showing "Individual," "Payable on Death," and "Totten Trust account" were specifically marked through. Each of the three signature cards stated that "we acknowledge and agree that this statement is and shall be governed by the terms and conditions set forth in ... the Deposit Agreement and Disclosures." The relevant part of the deposit agreement states as follows:

All joint accounts are presumed to be joint accounts with the right of survivorship unless the applicable state law does not permit this presumption or we have otherwise agreed with you in writing that the account is owned in another capacity. If the signature card you signed when you opened your account indicates the capacity in which your account is held, we may rely on that designation. Right of survivorship means that when a co-owner dies, the balance in the account belongs to the surviving co-owner(s), subject to our right to charge the account for any amount the deceased co-owner or a surviving co-owner owes us.

Roy died on April 28, 2004. The independent executrix, Shari Wilson Vander Linden, filed an application to probate Roy's will. After Roy's will was admitted to probate, the executrix filed a motion for summary judgment seeking a declaration by the court that Roy and Sharon's three joint accounts did not pass to Sharon under the joint right of survivorship clause and were therefore part of the probate estate. Sharon responded with her own motion for partial summary judgment asking the trial court to declare that a joint

right of survivorship ("JROS") was created by the three personal signature cards along with the deposit agreement and disclosures. The trial court entered a summary judgment determining that a JROS had been created and that Sharon was entitled to the three accounts as her property. The executrix timely filed this appeal.

## ISSUES PRESENTED

In her first two issues, the executrix contends that the trial court erred in granting Sharon's motion for summary judgment while denying hers. In her third and fourth issues, the executrix contends that Roy intended for the three bank accounts to pass through his estate and that no JROS was created because he did not use a declarative sentence establishing one in the contract creating these three joint accounts. Finally, in her fifth issue, the executrix contends that these three accounts were part of the probate estate because the court had approved the inventory, appraisement, and list of claims listing them as property of the estate.

## STANDARD OF REVIEW

In this case, both parties filed a traditional summary judgment motion. *See* TEX.R. CIV. P. 166a(c). A party moving for traditional summary judgment carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. *Id.; Sani v. Powell*, 153 S.W.3d 736, 740 (Tex.App.-Dallas 2005, pet. denied). Summary judgment is particularly appropriate where the parties do not dispute the facts and present only questions of law. *Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 431 (Tex. App.-Dallas 2004, pet. denied). Where the parties do not dispute the facts, review of the summary judgment properly focuses on whether the trial court correctly applied the law to the facts. *Id.* We therefore review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005).

When, as here, both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, we consider the summary judgment evidence presented by both sides and determine all questions presented. *Id.* If we determine that the trial court erred, we render the judgment the trial court should have rendered. *Id.*

## RULES OF CONTRACT CONSTRUCTION

The signature card for a bank account is a type of contract. *Whitney Nat'l Bank v. Baker*, 122 S.W.3d 204, 208 (Tex. App.-Houston [1st Dist.] 2003, no pet.). When the signature card incorporates a deposit agreement, that agreement is also a part of the deposit contract between the parties. *See* TEX. FIN.CODE ANN. § 34.301(a) (Vernon Supp.2006). When construing a contract, courts must strive to give effect to the written expression of the parties' intent. *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 433 (Tex.1995). To do so, they must read all parts of a contract together. *Id.* Indeed, courts must be particularly wary of isolating from its surroundings or considering apart from other provisions a single phrase, sentence, or section of a contract. *Id.*

Section 439(a) of the Texas Probate Code makes a written agreement determinative of the existence of the right of survivorship in a joint account. *Stauffer v. Henderson*, 801 S.W.2d 858, 863 (Tex. 1990). When a contract is being construed to determine whether it creates a JROS, and its terms are clear, extrinsic evidence is not to be considered by the court. *See id.* at 864.

### Statutory Creation of JROS

Our legislature has established the way in which a JROS can be established in a joint bank account. Section 439(a) of the Probate Code states in relevant part as follows:

(a) Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties against the estate of the decedent if, by a written agreement signed by the party who dies, the interest of such deceased party is made to survive to the surviving party or parties. Notwithstanding any other law, an agreement is sufficient to confer an absolute right of survivorship on parties to a joint account under this subsection if the agreement states in substantially the following form: "On the death of one party to a joint account, all sums in the account on the date of the death vest in and belong to the surviving party as his or her separate property and estate." A survivorship agreement will not be inferred from the mere fact that the account is a joint account.

TEX. PROB.CODE ANN. § 439(a) (Vernon 2003). In other words, there must be a written agreement signed by the decedent and providing that upon the death of the decedent, his interest survives to the other party. *In re Estate of Dillard,* 98 S.W.3d 386, 396 (Tex.App.-Amarillo 2003, pet. denied). That written agreement is determinative of the existence of a JROS in a joint account. *See Stauffer,* 801 S.W.2d at 863. Not only has the legislature made a written agreement both necessary and sufficient for a right of survivorship in a joint account, it has undertaken to specify language that will meet its requirements. *Id.* Of course, in addition to this legislatively drafted "safe harbor," banks may also ask in plain language on their applications, signature cards, or other documentation for joint accounts whether or not their customers intend ownership of the funds remaining in the account on the death of the joint account holder to go to surviving account holders. *Id.* Thus, language substantially similar to that in the Probate Code will be sufficient to establish a joint account with right of survivorship. *See Allen v. Wachtendorf,* 962 S.W.2d 279, 284 (Tex.App.-Corpus Christi 1998, pet. denied).

### Joint Account with Right of Survivorship

■ We will consider the executrix's first four issues together. The heart of her contention is that Section 439(a) of the Probate Code requires a declarative sentence to establish a right of survivorship in a joint account. We disagree. A joint account with right of survivorship can be established by placing an "X" in the box next to that statement on the signature card. *See Banks v. Browning,* 873 S.W.2d 763, 765 (Tex.App.-Fort Worth 1994, writ denied). This language, not in a declarative sentence, is sufficiently clear and unambiguous to establish a joint account with right of survivorship. *See id.*

The executrix also contends that the language in the instant case is not sufficient under *Stauffer.* There, the agreement establishing the joint account included the following relevant language:

JOINT ACCOUNT—PAYABLE TO

EITHER OR SURVIVOR

... We agree and declare that all funds now or hereafter deposited in this account are and shall be our joint property, that either of us shall have power to act in all matters relating to such account, whether the other be living or dead, and that upon the death of either of us any balance in said account or any part thereof may be withdrawn by, or upon the order of the survivor. It is especially · agreed that withdrawal of

funds by the survivor shall be binding upon us and upon our heirs, next of kin, legatees, assigns and personal representatives. . . .

*Stauffer,* 801 S.W.2d at 859. Our supreme court determined that this language on the signature card was not substantially similar to that set out in Section 439(a) and therefore held that no right of survivorship had been created. *Id.* at 865–66.

The signature card in *Stauffer* did not use the term "right of survivorship" nor did it include any other language to indicate that the parties intended to create a JROS. The idea of "right of survivorship" is what the parties must agree upon. *See* TEX. PROB.CODE ANN. § 439(a). The agreement established must show the clear and unequivocal intent of the parties to create a JROS. Here, on all three signature cards, Roy and Sharon put an "X" next to the statement "Joint with Right of Survivorship." They crossed out all other alternatives for the disposition of their account on the signature cards for two of the accounts. The deposit agreement states that "[r]ight of survivorship means that when a co-owner dies, the balance in the account belongs to the surviving co-owner(s), subject to our right to charge the account for any amount the deceased co-owner or a surviving co-owner owes us." That sentence expands upon what Roy and Sharon meant when they put the "X" in the "Joint with Right of Survivorship" box. Even though the phrase "Joint with Right of Survivorship" on the signature card and the sentence in the deposit agreement are abbreviated versions of the wording used in Section 439(a), the language expresses the intent of Roy and Sharon on August 18, 2003 to create a JROS in the accounts.

Furthermore, although it does not specifically address bank accounts with rights of survivorship language, we believe it is instructive to look at Probate Code Section 452. There, if an agreement is in writing and signed by both spouses, it is sufficient to create a right of survivorship in the community property described in the agreement if it uses the phrase "with right of survivorship." *See* TEX. PROB.CODE ANN. § 452 (Vernon 2003). This is consistent with the case law interpreting Section 439(a). *See Banks,* 873 S.W.2d at 765.

We hold that the language used in the contracts establishing the three joint accounts at issue substantially complies with the requirements of Section 439(a) and that a right of survivorship was created in each account. We overrule the executrix's issues one, two, three, and four.

### CLAIM PRECLUSION

■ In her fifth and final issue, the executrix contends that when the trial court approved her inventory, appraisement, and list of claims showing the three joint accounts as part of Roy's estate, Sharon was precluded from attempting to establish her ownership in the three accounts through her motion for summary judgment. The executrix cites us to the case of *McKenzie v. Frost,* 448 S.W.2d 520 (Tex.Civ.App.-El Paso 1969, writ ref'd n.r.e.). We have reviewed that case, which involved a title dispute to land and did not involve a probate proceeding. *See id.* Therefore, we determine that it is inapplicable to the instant case. Further, an order of a probate court approving an inventory and appraisement is not an adjudication of title to property. *McKinley v. McKinley,* 496 S.W.2d 540, 542 (Tex.1973). We overrule the executrix's issue five.

### DISPOSITION

Having overruled the executrix's five issues, we *affirm* the judgment of the trial court.