Larry W. HARE, Appellant

v.

Linda Dee LONGSTREET, Appellee

NO. 12-17-00062-CV

Court of Appeals of Texas, Tyler.

Opinion delivered November 8, 2017.

Steven W. Stark, for Appellant.

James Mills & Glenn D. Phillips, for Appellee.

Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.

## OPINION

Brian Hoyle, Justice

Larry W. Hare appeals from a trial court judgment determining that sums in an Austin Bank checking account do not belong to him. In three issues, Hare contends the trial court erred in rendering judgment that he does not have a right of survivorship in the account. We affirm.

### BACKGROUND

In 1998, L.D. Hare opened a checking account at Austin Bank. Two years later, he added Sherry A. Longstreet to the account. In January 2015, he added his son, Larry W. Hare, to the same account. Later that year, L.D. died. Sherry became incapacitated and Linda Longstreet was appointed as her guardian. Austin Bank filed a petition in interpleader requesting the court determine whether the funds in the account should be disbursed to Hare or to Sherry. Sherry died before the case was tried.

The trial court granted the Bank's petition in interpleader, and the funds in the account were tendered to the registry of the court. After a short hearing, the trial court found that the account should pass through probate because the evidence was insufficient to prove that the parties had created a joint account with the right of survivorship. Hare appeals.

### SURVIVORSHIP DESIGNATION

In three issues, Hare contends the trial court erred in rendering judgment that he does not have a right of survivorship in the Austin Bank account. He asserts that the evidence is legally and factually insufficient to support the following findings of fact:

7. That the evidence in this case fails to show a compliance with said Section 113.151; that there is absolutely no compliance with section (b); there is no document/evidence presented to the Court that is substantially similar to the required language as contained in said section (b).

9. That based on the fact there is no written documents [sic] or other evidence before the Court with language therein substantially in compliance with Section 113.151(b); thus there is no evidence to prove that the funds should pass to LARRY W. HARE.

10. That the account funds should pass through probate, and thus to LINDA DEE LONGSTREET.

### Standard of Review

██ In an appeal of a judgment rendered after a bench trial, the trial court's findings of fact have the same weight as a jury's verdict, and we review the legal and factual sufficiency of the evidence used to support them just as we would review a jury's findings. *In re Doe*, 19 S.W.3d 249, 253 (Tex. 2000); *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). When challenged, a trial court's findings of fact are not conclusive if, as in the present case, there is a complete reporter's record. *In re K.R.P.*, 80 S.W.3d 669, 673 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). A party who challenges

the legal sufficiency of the evidence to support an issue upon which he had the burden of proof at trial must demonstrate on appeal that, as a matter of law, the evidence establishes all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). The reviewing court first examines the record for evidence that supports the finding, crediting favorable evidence if a reasonable fact finder could, while disregarding contrary evidence, unless a reasonable fact finder could not. *Id.*; *see City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). If no evidence supports the finding, then the reviewing court will examine the entire record to determine if the contrary proposition is established as a matter of law. *Dow Chem. Co.*, 46 S.W.3d at 241.

 A party attacking the factual sufficiency of an adverse finding on an issue on which the party had the burden of proof must demonstrate on appeal that the adverse finding is so against the great weight and preponderance of all of the evidence, the judgment should be set aside and a new trial ordered. *Id.* at 242; *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). The trier of fact is the sole judge of the credibility of the witnesses and weight to be given their testimony. *City of Keller*, 168 S.W.3d at 819.

## Applicable Law

 Ownership of funds held in a multiple party account after the death of a party is determined by statute. *See* TEX. EST. CODE ANN. §§ 113.101-.158 (West 2014 & Supp. 2016). In essence, the requirements for the creation of a right of survivorship to a joint account are: 1) a written agreement, 2) signed by the decedent, 3) which specifies that his interest "survives" to the other party. *Id.* § 113.151(a); *In re Estate of Dellinger*, 224 S.W.3d 434, 438 (Tex. App.—Dallas 2007, no pet.). Section 113.151 of the Texas Estates Code governs the creation of a right of survivorship in a joint account, providing as follows:

(a) Sums remaining on deposit on the death of a party to a joint account belong to the surviving party or parties against the estate of the deceased party if the interest of the deceased party is made to survive to the surviving party or parties by a written agreement signed by the party who dies.

(b) Notwithstanding any other law, an agreement is sufficient under this section to confer an absolute right of survivorship on parties to a joint account if the agreement contains a statement substantially similar to the following: 'On the death of one party to a joint account, all sums in the account on the date of the death vest in and belong to the surviving party as his or her separate property and estate.'

(c) A survivorship agreement may not be inferred from the mere fact that the account is a joint account....

TEX. EST. CODE ANN. § 113.151(a)-(c). The legislature has also provided form language available for use by financial institutions to establish the type of account selected by a party. *Id.* § 113.052. The pertinent portion of that form is as follows:

UNIFORM SINGLE-PARTY OR MULTIPLE-PARTY ACCOUNT SELECTION FORM NOTICE: The type of account you select may determine how property passes on your death. Your will may not control the disposition of funds held in some of the following accounts....

Select one of the following accounts by placing your initials next to the account selected:

....

_____ (4) MULTIPLE-PARTY AC- COUNT WITH RIGHT OF SURVIV- ORSHIP. The parties to the account own the account in proportion to the parties' net contributions to the account. The financial institution may pay any sum in the account to a party at any time. On the death of a party, the party's ownership of the account passes to the surviving parties.

*Id.* A contract of deposit that contains provisions substantially the same as in the form provided by Section 113.052 establishes the type of account selected by a party. *Id.* § 113.051. If a financial institution varies the format of the form provided by section 113.052, the financial institution may make disclosures in the account agreement or in any other form that adequately discloses the information required by section 113.052. Act of May 26, 2009, 81st Leg., R.S., ch. 680, § 1, 2009 Tex. Gen. Laws 1512, 1549 (amended 2015) (current version at Tex. Est. Code Ann. § 113.053 (West Supp. 2016)). No presumption can be created to contradict the agreement or to supply a term wholly missing from its provisions. *Stauffer v. Henderson*, 801 S.W.2d 858, 863 (Tex. 1990). Compliance with the statute's requirements for creation of the right of survivorship results in ownership by the remaining joint account holders after one dies. *See id.* at 860-61.

### Analysis

■ The only evidence purporting to create a survivorship account is the signature card. On it, in a section labeled "OWNERSHIP OF ACCOUNT—CONSUMER," the account holder is directed to place his initials next to the account selected. This instruction is followed by a notice that "THE TYPE OF ACCOUNT YOU SELECT MAY DETERMINE HOW PROPERTY PASSES ON YOUR DEATH. YOUR WILL MAY NOT CONTROL THE DISPOSITION OF FUNDS HELD IN SOME OF THE FOLLOWING ACCOUNTS." Nine options are presented, each with a box next to it to be marked to indicate the choice. The box next to "MULTIPLE-PARTY ACCOUNT WITH RIGHT OF SURVIVORSHIP" is marked with an X, and the initials LDH and LWH are on the blank next to that box. The card is signed by all three account holders.

Here, the signature card constitutes a written agreement and it was signed by the decedent. *See Stauffer*, 801 S.W.2d at 861. Thus, the first two requirements for creation of a right of survivorship were met. *See In re Estate of Dellinger*, 224 S.W.3d at 438. Regarding the third element required to create a right of survivorship, the trial court determined that no evidence was presented that includes language substantially similar to the language required by section 113.151(b) of the Estates Code, which would make L.D.'s interest survive to Hare.

Citing this court's opinion in *In re Estate of Wilson*, 213 S.W.3d 491 (Tex. App.—Tyler 2006, pet. denied), Hare asserts that this court held that "an X in the box for joint with right of survivorship was sufficient to create an account with right of survivorship...." In *Wilson*, after setting out all of the applicable law, we addressed the Appellant's contention that the decedent did not create a joint account with a right of survivorship because he did not use a "declarative sentence" establishing a right of survivorship. We explained that a joint account with right of survivorship can be established by placing an "X" in the box next to that statement on the signature card. *Id.* at 494. Specifically addressing the Appellant's narrow contention, we then stated that the language on the card, "not in a declarative sentence," is sufficiently clear to establish a joint account with right of survivorship. *Id.*

In our short response to Appellant's argument, we relied on *Banks v. Browning*, 873 S.W.2d 763 (Tex. App.—Fort Worth 1994, writ denied). In *Banks*, account cards with a box next to the name of the type of account desired were found to be sufficient to create a right of survivorship. *Id.* at 765. There the Appellant argued that the account cards were insufficient to create a right of survivorship because there were no signatures to the contracts on survivorship and alleged that the X on the cards was added by a clerk after the decedent signed the cards. The Appellant did not complain that the language used was not substantially similar to that required by the code, and the court did not discuss that issue. The court considered what was shown by the face of the cards and commented that "no extrinsic evidence to the contrary is admissible." *Id.* The *Banks* court focused on whether the cards showed the parties' intent to create a right of survivorship and held that "the use of 'X' by the right of survivorship was permissible." *Id.* In support of "the validity of this practice," *Banks* cites to *Ivey v. Steele*, 857 S.W.2d 749 (Tex. App.—Houston [14th Dist.] 1993, no writ), another case involving use of signature cards requiring an X to indicate the type of ownership established. In *Ivey*, the signature cards included explanatory sentences of the type of account chosen. *Id.* at 750. The *Ivey* court held that the signature cards, which specified in clear language that upon the death of one of the parties the account was owned by the survivors, were sufficient to create a right of survivorship. *Id.* at 751. The pertinent discussions in *Wilson* and *Banks* concerned the format of the agreement, not the sufficiency of its content. Thus, neither our discussion regarding whether the code requires a declarative sentence on a signature card, nor our reliance on *Banks*, can be interpreted as a statement that merely placing an X next to the phrase "joint with right of survivorship" is sufficient, in and of itself, to create the right of survivorship.

Furthermore, in *Wilson* we immediately addressed the Appellant's next contention that the language of the signature card was not sufficient to create a joint account with right of survivorship. Applying the precursor to Estates Code section 113.151, we held that the language on the signature card together with a statement in the deposit agreement substantially complied with the code's requirements and created a right of survivorship in the accounts at issue. *In re Estate of Wilson*, 213 S.W.3d at 494-95.

While we might acknowledge that a pair of sentences in *Wilson* suffer from an unfortunate lack of specificity, to adopt Hare's argument that *Wilson* supports his position would be to take our statements out of context of the specific issue addressed. Additionally, it would ignore the Estates Code's directive to include explanatory language, which we addressed in the next section of the opinion, and upon which our holding in that case relies. *Id.*

Here, the signature card is the only evidence presented in support of the existence of a right of survivorship. Although the card includes a notice provision warning that the type of account chosen may affect how property passes upon the death of an account holder, the notice is incomplete. *See* Tex. Est. Code Ann. § 113.052. The signature card indicates an attempt to create a right of survivorship. However, no document was produced in evidence stating that the ownership interest of a deceased joint owner will belong to the surviving parties upon his death. Without such explanatory language, the agreement, whether in the form of a signature card or a different format, fails to confer a right of survivorship upon the surviving party. *Ivey*, 857 S.W.2d at 751.

Hare did not meet his burden to prove that the joint account holders created a

right of survivorship in compliance with the Texas Estates Code. *See* Tex. Est. Code Ann. § 113.151; ***Branch v. Monumental Life Ins. Co.***, 422 S.W.3d 919, 923 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (held that, in an interpleader action, each claimant has the burden of proving its own claim).

■■■ Hare also complains of the trial court's finding that the account funds should pass through probate to Longstreet. He argues there is no evidence of any probate, administration, or heirship proceedings. As discussed, the agreement in evidence was insufficient to create a right of survivorship. In the absence of the right of survivorship, the decedent's portion of the funds are disposed of as part of his estate. Tex. Est. Code Ann. § 113.155 (West 2014).

■■■ The evidence shows that L.G. contributed all funds in the account. Therefore, the funds remaining in the account are to be disposed of with his estate. *See*

*id.* The trial court's judgment states that the proceeds in the account "should pass through probate." It does not order the proceeds to be awarded to a particular person. Any error in naming Longstreet in Finding of Fact 10 is harmless. *See **City of Corpus Christi v. Krause***, 584 S.W.2d 325, 330 (Tex. Civ. App.—Corpus Christi 1979, no writ).

The evidence is legally and factually sufficient to support the trial court's determination that the parties' agreement failed to comply with the Estates Code and therefore did not create a right of survivorship. *See **Dow Chem. Co.***, 46 S.W.3d at 241; ***Ivey***, 857 S.W.2d at 751. We overrule Hare's issues one, two, and three.

### DISPOSITION

Having overruled Hare's three issues, we ***affirm*** the trial court's judgment.