# NO. 12-20-00261-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF THE ESTATE* | § | *APPEAL FROM THE* |
| *OF BETTY JO COLLINS,* | § | *COUNTY COURT AT LAW NO. 3* |
| *DECEASED* | § | *SMITH COUNTY, TEXAS* |

## *OPINION*

Appellant John Russell Hobbs challenges the denial of his plea to the jurisdiction and his removal as executor of the estate of the decedent, Betty Jo Collins. In three issues, Hobbs argues that the trial court (1) erred by denying his plea to the jurisdiction, (2) abused its discretion by removing him as executor, and (3) erred by ordering him to pay his own attorney's fees and expenses in defending the removal action. For the reasons explained herein, we affirm the trial court's order denying Hobbs's plea to the jurisdiction, reverse the trial court's order removing Hobbs as executor and requiring him to pay his attorney's fees from his own funds, and remand the cause for further proceedings consistent with this opinion.

## BACKGROUND

Appellee Phillip W. Bailey, the decedent's grandson, filed an application to probate the decedent's will. In her will, which she signed in 2003, the decedent bequeathed her entire estate to Bailey. Bailey stated in his application that the decedent died on June 22, 2018, and he pleaded that the will named Hobbs as independent executor. The trial court admitted the will to probate and issued letters testamentary to Hobbs. Hobbs filed an inventory, appraisement, and list of claims on April 16, 2019. One of the items identified on the inventory, appraisement, and list of claims was a checking account at Southside Bank, which Hobbs stated contained $4,836.58. Bailey asserted that statements from Southside Bank showed payments of approximately $800,000 from the account to either Hobbs individually or Hobbs's sole proprietorship, JRH Enterprises.

According to Bailey, said payments to Hobbs and JRH occurred after decedent had suffered a major stroke and her husband had died. Bailey pleaded that Hobbs deposited the funds from the joint account into a separate checking account that was solely in Hobbs's name, and he asserted that the joint account belonged to the parties in proportion to their net contributions.[1] Bailey also maintained that Hobbs contributed only $36,500 to the Southside Bank account, so "over $750,000 of the money taken from [d]ecedent's [Southside Bank] account by Hobbs legally belonged" only to decedent.

Hobbs contended that Collins opened a multi-party account with right of survivorship with him on October 3, 1995, and he pleaded that under the account's terms, upon the death of a party, the deceased party's ownership of the account passed to the surviving party. Hobbs argued that although Bailey was named as the beneficiary of the joint account, the account "was not designated as a payable on death account." According to Hobbs, the joint account is "non-testamentary and not subject to being probated." Hobbs further asserted that the probate assets of the estate have been disbursed, and "[n]o complaint or allegation has been made with regard to any acts and/or omissions on the part of Hobbs in his capacity as the independent executor." Additionally, Hobbs argued that as a stranger to the Southside Bank account, Bailey lacked standing to question the actions of the joint account holders prior to the decedent's death.

Records from Southside Bank indicate that the account was a multiple-party account with right of survivorship, owned by the decedent and Hobbs, and Bailey was listed as the beneficiary. In a section of the account card labeled "OWNERSHIP OF ACCOUNT—CONSUMER," the account holders (the decedent and Hobbs) were directed to place their initials next to the type of account selected, and the blank beside "Multiple-Party Account With Right of Survivorship" is initialed. The account terms and conditions state that "[o]n the death of a party, the party's ownership of the account passes to the surviving parties." The account did not have a payable on death designation. The terms and conditions also provide that with respect to a multiple-party account with right of survivorship, "[t]he parties to the account own the account in proportion to

---

[1] *See* TEX. EST. CODE ANN. § 113.102 (West 2020) (providing that "[d]uring the lifetime of all parties to a joint account, the account belongs to the parties in proportion to the net contributions by each party to the sums on deposit unless there is clear and convincing evidence of a different intent.").

the parties' net contributions to the account[,]" and the bank "may pay any sum in the account to a party at any time."[2]

Hobbs and JRH filed a plea to the jurisdiction, asserting that the joint account was "non-testamentary and not subject to being probated." According to Hobbs and JRH, Bailey had no right to the joint account. Hobbs and JRH maintained that Bailey's complaint pertains to financial transactions that occurred between the decedent and Hobbs prior to the decedent's death, and the trial court "has no subject matter jurisdiction with regard to the claims being asserted by Bailey[.]" Hobbs and JRH Enterprises argued that because standing is a component of subject matter jurisdiction and Bailey lacks standing to "question the actions of the joint account holders" before the decedent's death, the trial court lacked jurisdiction to hear the case.[3]

Bailey subsequently filed a motion to remove Hobbs as executor, in which he asserted that "evidence obtained over the preceding months indisputably shows that Hobbs stole approximately $800,000 from the decedent during the final four years of her life – after her husband died, after she suffered a serious stroke, and while she was living in a memory care facility." Bailey stated that he filed the motion "in his capacity as applicant and sole will beneficiary" and asserted that he is an "interested person" under the Texas Estates Code. Bailey contended that Hobbs "stole" approximately $800,000 from the decedent by withdrawing funds from the joint account, and he again argued that because Hobbs only contributed $36,500 to the account, over $750,000 of the money taken from the joint account legally belonged solely to decedent. Bailey maintained that Hobbs should be removed as executor because Hobbs would not "pursue claims on behalf of the Estate against himself to recover the money he pilfered from Decedent." According to Bailey, if he successfully recovered funds from Hobbs, said funds would be paid to decedent's estate. Bailey argued that Hobbs should be removed because he is guilty of "gross misconduct and/or gross mismanagement" by failing to pursue the decedent's estate's claims against him. Bailey also filed a response to Hobbs's plea to the jurisdiction, in which he contended that he sought the ability to sue Hobbs on behalf of the estate for "theft and breach of fiduciary duties committed against

---

[2] The terms and conditions of the multiple-party account with right of survivorship defined "party" as "a person who, by the terms of the account, has a present right, subject to request, to payment from a multiple-party account."

[3] When Hobbs filed his plea to the jurisdiction, Bailey had not yet filed his motion to remove Hobbs as executor, but Bailey had sought to compel Hobbs, JRH Enterprises, and Southside Bank to produce records. Although Hobbs addressed the discovery proceedings in his plea to the jurisdiction, Hobbs limits his appellate complaints regarding jurisdiction to the action seeking his removal.

Decedent prior to her death." In response, Hobbs asserted that Bailey's only complaint pertains to the multi-party account with right of survivorship, which is non-testamentary, and the decedent chose not to mention the account in her will or to designate it as a payable on death account.

In his response to the motion to remove him as executor, Hobbs stated that the probate assets were properly disbursed and "Bailey can point to no act or omission of the executor wherein the executor failed to fulfill his obligations." Hobbs reiterated his argument that the account is non-testamentary and that the decedent chose not to mention the account in her will. Hobbs asserted that "Bailey makes no claim that [decedent] was mentally incompetent or subject to any undue influence when the joint account was established[.]" Hobbs attached as exhibits to his response to the motion sworn declarations from two individuals involved in the decedent's care. Both individuals stated in their declarations that Hobbs was actively and supportively involved in the decedent's life, but Bailey was not. The trial judge signed orders (1) denying Hobbs's plea to the jurisdiction, and (2) removing Hobbs as executor and ordering Hobbs to pay his attorney's fees and expenses from his personal funds rather than from funds of the estate. This appeal followed.

## PLEA TO THE JURISDICTION

In his first issue, Hobbs argues that the trial court erred by denying his plea to the jurisdiction. Specifically, Hobbs asserts that the trial court lacked subject matter jurisdiction because Bailey did not have standing to seek to remove Hobbs as executor.

### Standard of Review and Applicable Law

Because subject matter jurisdiction presents a question of law, we review the trial court's ruling on a plea to the jurisdiction de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). In reviewing a plea to the jurisdiction, we review the pleadings and any evidence that is relevant to the jurisdictional issue. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001).

The Texas Estates Code provides that upon the motion of any interested person, the probate court may remove an independent executor who "is proved to have been guilty of gross misconduct or gross mismanagement in the performance of the independent executor's duties[]" or "the independent executor becomes incapable of properly performing the independent executor's fiduciary duties due to a material conflict of interest." TEX. EST. CODE ANN. § 404.0035(b)(2), (4)

4

(West 2020).  The Texas Estates Code defines an "interested person" as "an heir, devisee, . . . or any other having a property right in . . . an estate being administered[.]"  *Id*. § 22.018(1).

**Analysis**

In arguing that the trial court lacked subject matter jurisdiction of Bailey's motion to remove Hobbs as executor, Hobbs relies heavily on *Cardona v. Cardona*, No. 09-19-00118-CV, 2020 WL 2070160 (Tex. App.—Beaumont Apr. 30, 2020, no pet.) (mem. op.).  *Cardona* involved a lawsuit by some of the decedent's children (the Appellants) against their brother Francisco regarding Francisco's alleged breach of fiduciary duty to the decedent and to Appellants.  *Id*. at *1.  While acting pursuant to a power of attorney from the decedent, Francisco sold the decedent's home and placed the proceeds from the sale into an account that was payable on death to himself. *Id*.  The *Cardona* court concluded that the Appellants lacked standing to pursue a claim against Francisco for breach of fiduciary duty.  *Id*. at *4.  In *Cardona*, the Court of Appeals noted that payable on death accounts are governed by a written agreement and are not part of the decedent's estate, and the Court concluded that Appellants failed to prove that Francisco breached any fiduciary duty to the decedent that diminished his estate.  *Id*.  *Cardona* did not involve the attempted removal of an executor by a devisee under Section 404.0035(b) of the Texas Estates Code.  Rather, *Cardona* involved a separate lawsuit for breach of fiduciary duty, which was not filed in the probate court.  We therefore conclude that, with respect to the issue of standing, *Cardona* is distinguishable and inapposite to the facts presented in the instant case.

Whether Bailey proved statutory grounds for removing Hobbs as executor, which we will address in our discussion of issue two, is a separate issue from determining whether the trial court had subject matter jurisdiction of Bailey's motion to remove Hobbs.  We conclude that as the sole devisee under decedent's will, Bailey is an "interested person" who is statutorily authorized to seek removal of the executor under the Texas Estates Code, and the trial court therefore had subject matter jurisdiction over Bailey's motion to remove Hobbs.  *See* TEX. EST. CODE ANN. §§ 22.018(1), 404.0035(b)(2).  Accordingly, we overrule issue one.

## REMOVAL OF EXECUTOR

In his second issue, Hobbs contends the trial court abused its discretion by removing him as executor of the decedent's estate.  Specifically, Hobbs asserts that Bailey failed to prove a

statutory ground justifying his removal under Section 404.0035(b) of the Texas Estates Code. *See id*. § 404.0035(b).

**Standard of Review and Applicable Law**

We review the trial court's order removing an executor for abuse of discretion. *In re Estate of Clark*, 198 S.W.3d 273, 275 (Tex. App.—Dallas 2006, pet. denied); *Lee v. Lee*, 47 S.W.3d 767, 786 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985); *Lee*, 47 S.W.3d at 786.

"Ownership of funds held in a multiple[-]party account after the death of a party is determined by statute." *Hare v. Longstreet*, 531 S.W.3d 922, 925 (Tex. App.—Tyler 2017, no pet.). Under the Texas Estates Code, "[s]ums remaining on deposit on the death of a party to a joint account belong to the surviving party or parties against the estate of the deceased party if the interest of the deceased party is made to survive to the surviving party or parties by a written agreement signed by the party who dies." TEX. EST. CODE ANN. § 113.151(a) (West 2020). The Texas Estates Code provides that transfers resulting from the application of Section 113.151 "are effective by reason of the account contracts involved and . . . are not to be considered testamentary transfers or subject to the testamentary provisions of this title." *Id*. § 113.158; *see Stauffer v. Henderson*, 801 S.W.2d 858, 863 (Tex. 1990). An interested person may seek removal of an independent executor who "is proved to have been guilty of gross misconduct or gross mismanagement in the performance of the independent executor's duties[]" or if "the independent executor becomes incapable of properly performing the independent executor's fiduciary duties due to a material conflict of interest." TEX. EST. CODE ANN. § 404.0035(b)(2), (4). The party seeking to have an independent executor removed has the burden of establishing a violation of the statute. *Kappus v. Kappus*, 284 S.W.3d 831, 835 (Tex. 2009).

**Analysis**

Bailey asserts that the trial court properly removed Hobbs as executor because Hobbs would not pursue any claim decedent's estate might have against him, and that Hobbs is guilty of "gross misconduct and/or gross mismanagement." All of Bailey's contentions involve the multiple-party account with right of survivorship. The signature card and terms and conditions of the account indicate that the account was created as a multiple-party account with right of survivorship, and that upon the death of one party, the deceased party's ownership of the account

would pass to the other party. *See* TEX. EST. CODE ANN. § 113.151. Therefore, under the Texas Estates Code, the account was non-testamentary, and the funds passed to Hobbs pursuant to the account contract. *See id*. § 113.158. Furthermore, because the account was non-testamentary and Hobbs and the decedent had equal rights to the funds in the account during decedent's lifetime, there was no evidence that Hobbs either (1) engaged in gross misconduct or gross mismanagement in the performance of his duties as executor or (2) was incapable of properly performing his fiduciary duties due to a material conflict of interest. *See id*. § 404.0035(b)(2), (4); *Stauffer*, 801 S.W.2d at 863. We conclude that Bailey failed to meet his burden of establishing a violation of the statute, and the trial court therefore abused its discretion by removing Hobbs. *See* TEX. EST. CODE ANN. § 404.0035(b)(2), (4); *Kappus*, 284 S.W.3d at 835; *Downer*, 701 S.W.2d at 241-42; *In re Estate of Clark*, 198 S.W.3d at 275; *Lee*, 47 S.W.3d at 786. Accordingly, we sustain issue two.

### REQUIRING EXECUTOR TO PAY EXPENSES AND FEES WITH PERSONAL FUNDS

In issue three, Hobbs contends the trial court erred by ordering him to pay his attorney's fees and expenses in defending the removal action with his personal funds rather than estate funds.

**Standard of Review and Applicable Law**

We review a trial court's decision regarding whether to award attorney's fees and expenses for an abuse of discretion. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *Avila v. Larrea*, 506 S.W.3d 490, 494 (Tex. App.—Dallas 2015, pet. denied); *Lee*, 47 S.W.3d at 793. As discussed above, a trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Downer*, 701 S.W.2d at 241-42; *Lee*, 47 S.W.3d at 786.

Section 404.0037(a) of the Texas Estates Code provides as follows: "An independent executor who defends an action for the independent executor's removal in good faith, whether successful or not, *shall* be allowed out of the estate the independent executor's necessary expenses and disbursements, including reasonable attorney's fees, in the removal proceedings." TEX. EST. CODE ANN. § 404.0037(a) (West 2020) (emphasis added). "Because the word 'shall' normally imposes a mandatory requirement, and nothing in the statute indicates a different intent, the requirement that an independent executor who defends a removal action in good faith be allowed to pay the executor's reasonable and necessary legal fees from estate funds is mandatory." *Estate of Nunu*, 542 S.W.3d 67, 81 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).

## Analysis

We concluded above in our analysis of issue two that the trial court abused its discretion by removing Hobbs because there was no evidence of the statutory grounds for doing so. It necessarily follows that Hobbs defended the removal action in good faith, and it was therefore mandatory for the trial court to allow Hobbs to recover his attorney's fees and expenses from the estate. *See* TEX. EST. CODE ANN. § 404.0037(a); *see generally id*. §§ 113.151, 113,158, 404.0035(b)(2), (4). We therefore conclude that the trial court abused its discretion by ordering Hobbs to use his personal funds to pay the attorney's fees and expenses he incurred in defending the removal action. *See id*. § 404.0037(a); ***Estate of Nunu***, 542 S.W.3d at 81. We sustain issue three.

## DISPOSITION

Having overruled issue one, we ***affirm*** the trial court's order denying Hobbs's plea to the jurisdiction. Having sustained issues two and three, we ***reverse*** the trial court's order removing Hobbs as executor and requiring Hobbs to pay his attorney's fees and expenses from his personal funds, and we ***remand*** the cause for further proceedings consistent with this opinion.

JAMES T. WORTHEN
Chief Justice

Opinion delivered December 1, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 1, 2021**

**NO. 12-20-00261-CV**

**IN THE MATTER OF THE ESTATE
OF BETTY JO COLLINS, DECEASED**

Appeal from the County Court at Law No. 3
of Smith County, Texas (Tr.Ct.No. 43363P)

"THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this Court that there was error in order of the court below insofar as it removed Appellant John Russell Hobbs as executor and required him to pay his attorney's fees and expenses from his personal funds, in all other respects the judgment of the trial court is **affirmed**.

It is ORDERED, ADJUDGED and DECREED by this Court that the order removing Appellant John Russell Hobbs as executor and requiring him to pay his attorney's fees and expenses from his personal funds is **reversed**, and the cause is **remanded** to the trial court **for further proceedings** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance."

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*